# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL DE GROFF,

   Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

   Defendants.

Case No.  2:11-cv-02007-KJD-CWH

**ORDER**

  This matter is before the Court on Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Mark La Favor's Motion for Attorney Fees (#20), filed September 21, 2012.

## **BACKGROUND**

  This action arises from a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 involving an incident that took place at the Union Plaza Hotel and Casino on December 17, 2009.  Specifically, Plaintiff alleges that he sustained injuries while handcuffed by LVMPD Officer Mark La Favor in the security office of the Union Plaza Hotel and Casino.  On August 7, 2012, Defendants filed a Motion to Compel and Request for Sanctions (#14).  In doing so, Defendants sought to compel Plaintiff's responses to its request for production of documents and written interrogatories.  See #14, Exhs. A - B.  On September 9, 2012, the Court held a hearing in which the Motion to Compel as to Interrogatory Number 2 was granted (#18).  Additionally, the Court granted Defendants' request for attorney fees and ordered a detailed fee application to be submitted by September 21, 2012.  Defendants submitted an Application for Attorney Fees on September 21, 2012 (#20).

Plaintiff was ordered to submit a response by October 1, 2012, but failed to do so.[1]

## DISCUSSION

### A.   Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiff failed to submit a response to this Motion for Attorney Fees. Accordingly, Plaintiff has not met his burden to demonstrate that his conduct was substantially justified or an award of fees would be unjust. Therefore, the Court finds that Defendants are entitled to attorney fees pursuant to Rule 37(a)(5)(A).

### B.   Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

---

[1] Plaintiff did not file an opposition to the Defendants' Motion for Attorney Fees. Local Rule 7-2(d) states, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[2] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

 **1.     Reasonable Hourly Rate**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Defendants seek fees based on an hourly rate of $190. Plaintiffs raised no objection to this rate and the Court finds that it is reasonable for this forum.

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(c).

Defendants request an award of $1,273 in fees based on a $190 hourly rate and 6.7 hours. Plaintiff alleged that he provided supplemental responses that mooted many of the Motion to Compel requests on July 30, 2012, which is prior to the date Defendants filed the Motion to Compel. However, as discussed at the September 11, 2012 hearing, there was a mailing error. Defendants contend that they did not receive Plaintiff's unverified, but amended responses until August 27, 2012, the same day they received Plaintiff's response to the Motion to Compel. See #17, 3. After reviewing the Affidavit of Thomas D. Dillard, Jr., the Court finds that 6.7 hours is a reasonable amount of time to expend on the Motion to Compel, especially given that Mr. Dillard has represented the LVMPD in federal litigation cases since 1997 and he was not precluded from taking on other legal work by this Motion.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants LVMPD and Officer Mark La Favor's Motion for Attorney Fees (#20) is **granted**. Plaintiff shall pay Defendants the total sum of **$1,273** by **November 14, 2012**.

DATED this 15th day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**