UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL DE GROFF,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:11-CV-02007-KJD-CWH

**ORDER**

Before the Court is the Motion for Judgment on the Pleadings (#28) filed by Third-Party Defendant Plaza Hotel and Casino (the "Plaza"). Defendants and Third-Party Plaintiffs Las Vegas Metropolitan Police Department and Officer La Favor (the LVMPD Defendants) have filed an Opposition and Countermotion for a Pre-Trial Conference (## 29, 35). Plaza has filed a reply and opposition (## 33, 34).

I. Background

The Plaintiff in this action is seeking damages for injuries suffered in an incident that took place at the Plaza on December 17, 2009. Plaintiff allegedly was involved in a security incident at

the Plaza related to alleged disorderly conduct.  According to Plaintiff, Plaza security officers wrestled him to the ground and placed him in handcuffs.  Plaza security then called LVMPD.  Officers LaFavor and Hawkins arrived at the hotel, where they allegedly found Plaintiff in handcuffs in the Plaza security area.  According to the LVMPD Defendants, Officer La Favor struggled to remove the handcuffs that the Plaza security staff placed on Plaintiff, for about 10 or 15 minutes.  Plaintiff alleges injuries related to the handcuffing and removal of the handcuffs.

Plaintiff, representing himself pro se, filed the Complaint against the LVMPD Defendants on December 15, 2011.[1]  Plaintiff alleges violations of the Eighth Amendment and seeks to recover damages pursuant to 42 U.S.C. § 1983.  At approximately the same time, Plaintiff filed a pro se complaint against the Plaza in Clark County District Court.  On October 4, 2012, the LVMPD Defendants filed an answer and Third Party Complaint against the Plaza, seeking indemnity and contribution.  The Plaza moved for judgment on the pleadings.

II. Discussion

A.  Legal Standard for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review" applies to a motion brought under either rule. <u>Cafasso v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Judgment on the pleadings or dismissal under Rule 12 is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. <u>Hal Roach Studios, Inc. v. Ricard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir.1989).

To survive a motion of this type the claim include  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

---

[1] Plaintiff is now represented in this case by counsel.

2

action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

      A. Indemnification

The Ninth Circuit has unequivocally held that "[t]here is no federal right to indemnification provided in 42 U.S.C. § 1983." Allen v. City of Los Angeles, 92 F.3d 842, 845 n. 1 (1996), overruled on other grounds, Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir.1997).

The Plaza argues that it is entitled to judgment as a matter of law on the LVMPD Defendants' claim for indemnification.  The LVMPD Defendants have failed to provide any response to this argument. See Local Rule 7-2.  Accordingly, judgment as a matter of law is granted in favor of the Plaza on the indemnification claim.

B. Contribution

"Typically, a right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability." Anselmo v. Mull, 2012 WL 4863661 *8 (E.D.Cal. 2012) quoting Nw. Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77, 87–88 (1981). However, "[a]t common law there was no right to contribution among joint tortfeasors." Id. Thus, "a right to contribution may arise in either of two ways: first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or, second, through the power of federal courts to fashion a federal common law of contribution." Tx. Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638 (1981).

The text of § 1983 does not provide for a right to contribution, nor is there any evidence that such a right is implied. Neither the Supreme Court nor the Ninth Circuit has addressed whether federal courts have the power to create a right to contribution under § 1983. The Supreme Court has unequivocally held that courts lack the power to do so under Title VII, the Equal Pay Act, and federal securities law. Nw. Airlines, Inc., 451 U.S. at 98; Tex. Indus., Inc., 451 U.S. at 645; see also Smart v. Int'l Broth. of Elec. Workers, Local 702, 315 F.3d 721, 727 (7th Cir.2002) ("[I]n the more than two decades since the Northwest Airlines decision, the Supreme Court has become ever more reluctant to imply private rights of action ....").[2] As noted previously, the Ninth Circuit has held that § 1983 does not permit indemnification, which is closely related to contribution. Allen, 92 F.3d at 845 n1.

42 U.S.C. § 1988, "authorize[s] federal courts, where federal law is unsuited or insufficient 'to furnish suitable remedies [in a civil rights action], to look to principles of the common law, as

---

[2] District Courts addressing the issue generally find no right of contribution. See Frantz v. City of Pontiac, 432 F.Supp2d 717, 721–22 (E.D.Mich.2006) (no right to contribution under §§ 1981 or 1983); Katka v. Mills, 422 F.Supp2d 1304, 1310 (N.D.Ga.2006) (no right to contribution on § 1983 claim); Gray v. City of Kansas City, 603 F.Supp. 872, 874–75 (D.Kan.1985) (same); Banks v. City of Emeryville, 109 F.R.D. 535, 539 (N.D.Cal.1985) (finding no support for assertion that § 1983 provides for a right of contribution or indemnity). But see Alexander v. Hargrove, 1994 WL 444728, at *4 (E.D.Pa. Aug.16, 1994) (incorporating state law through § 1988 to allow contribution as a matter of federal common law); Fishman v. De Meo, 604 F.Supp. 873, 877 (E.D.Pa.1985) (following circuit precedent in allowing contribution under § 1983).

4

altered by state law,' so long as such principles are not inconsistent with the Constitution and laws of the United States.' " Hepburn ex rel. Hepburn v. Athelas Inst., Inc., 324 F.Supp2d 752, 756 n. 1 (D.Md.2004).  However, the Ninth Circuit has never found that this section provides a right to seek contribution.

In his Complaint, Plaintiff's only alleged right to recovery is pursuant to 42 U.S.C. § 1983.[3] There is no allegation in the Complaint or the Third Party Complaint that the Plaza acted under the color of state law, nor is there any allegation sufficient to support respondeat superior liability. Accordingly, to the extent that Plaintiff seeks recovery pursuant to this statute, the LVMPD Defendants may not seek contribution and judgment as a matter of law in favor of the Plaza is appropriate.  Because the Complaint and Third Party Complaint fail to state viable claims against the Plaza, it is dismissed from this action.

III.  Couintermotion for Motion for Pre-Trial Conference

The Countermotion for Pretrial Conference is denied.  The parties are ordered to file a joint status report on or before April 26, 2013.

IV. Conclusion

Defendants and Third Party Plaintiffs Las Vegas Metropolitan Police Department and Officer La Favor have filed a Third Party Complaint seeking indemnity and contribution.  Neither of these claims is appropriate under § 1983.  Accordingly,

**IT IS HEREBY ORDERED** that the Plaza's Motion for Judgment on the Pleadings (#28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Countermotion for Pre-Trial Conference (#35) is **DENIED**.

---

[3] Plaintiff filed his complaint as a pro se party. Courts must liberally construe the pleadings of pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).  Accordingly, the Court will not speculate about what claims could be derived from the facts of Plaintiff's Complaint.

5

1  **IT IS FURTHER ORDERED** that the parties file a joint status report on or before April 26,
2  2013.
3  DATED this 5th day of April 2013.

_____
Kent J. Dawson
United States District Judge