UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Third Party Plaintiffs, | Case No. 2:11-cv-02007-KJD-CWH |
| v. | **ORDER** |
| UNION PLAZA HOTEL AND CASINO | |
| Third Party Defendant. | |

Presently before the Court is Third Party Defendant Union Plaza Hotel and Casino's ("Plaza") Motion for Attorney's Fees (#40). Third Party Plaintiffs, Las Vegas Metropolitan Police Department and Officer Mark La Favor (collectively "LVMPD"), filed a response in opposition (#43) to which Plaza replied (#48).

I. Background

This action arises from a Civil Rights complaint pursuant to 42 U.S.C. § 1983 ("§1983") involving an incident that took place at the Plaza on December 17, 2009. Daniel De Groff

("Plaintiff") filed a claim against LVMPD for injuries sustained while handcuffed by Officer La Favor in Plaza's security office.

On October 4, 2012, LVMPD filed a third party complaint, seeking indemnity and contribution from Plaza for any damages owed to Plaintiff upon resolution of his claims. On April 5, 2013, the Court granted Plaza's motion for judgment on the pleadings, holding that indemnity and contribution were not available. On April 19, 2013, third party defendant Plaza petitioned for reimbursement of attorney's fees expended in defending against the third party complaint pursuant to 42 U.S.C. §1988 ("§1988"). Plaza alleges that the complaint was unreasonable, frivolous, meritless, or vexatious.

II. Analysis

To determine whether Plaza is entitled to attorney's fees pursuant to §1988, the Court must follow a two-step analysis. First, the Court must determine if Plaza is a "prevailing party" within the meaning of §1988. Second, if, and only if, the Court determines Plaza is a "prevailing party," then the Court must decide if LVMPD's claims were unreasonable, frivolous, meritless, or vexatious. Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978); Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988). If Plaza is not a "prevailing party" with respect to §1988, it cannot recover attorney's fees on this basis, even if LVMPD's claims were frivolous. See generally 42 U.S.C. 1988(b).

The general rule is that to be a prevailing party, "[t]he benefit the party achieves must come from success on the merits of a civil rights claim, not from success on procedural or collateral issues." Jensen v. San Jose, 806 F.2d 899, 900 (9th Cir. 1986) (citing Hanrahan v. Hampton, 446 U.S. 754, 759 (1980)). Alternatively, a party may qualify as prevailing when, in an action to enforce a substantial civil rights claim, it has succeeded on a "dispositive, non-fee-supporting claim" arising out of the same facts. See generally Gerling Global Reinsurance Corp. of Am. v. Garamendi, 400 F.3d 803, 808 (9th Cir. 2005) (citing Maher v. Gagne, 448 U.S. 122, 132 n.15 (1980)). Success on a

1 non-fee supporting claim is insufficient if there is not a fee-supporting claim before the party. See
2 generally id.. Neither party has pointed this Court to §1988 precedent involving a third party
3 defendant's request for attorney's fees.[1] Nevertheless, the reasoning of the Ninth Circuit precedent
4 cited above controls this decision. Accordingly, when a third party action is distinct from the main
5 action in that it seeks to resolve only non-fee-supporting claims, a party's success on such claims
6 does not satisfy the "prevailing party" criteria of §1988. In other words, when the pleadings between
7 two parties fail to allege a civil rights claim, the rationale for applying §1988 is absent. In sum, a
8 party prevails within the meaning of §1988 only when it (1) succeeds on the merits of a civil rights
9 claim, or (2) succeeds on a dispositive, non-fee-supporting claim, and a substantial, fee-supporting
10 claim is also before the party.

11       Plaza cannot succeed on the merits of a §1983 claim because the third party complaint does
12 not allege such a claim. Rather, the third party complaint requires the Court to determine Plaza's
13 responsibility for indemnity and contribution. Whether Defendant violated Plaintiff's civil rights is a
14 matter exclusively between Plaintiff and Defendant. Plaza cannot be a "prevailing party" with respect
15 to §1988 if the claim against it does not, at the very least, invite the Court to evaluate whether a civil
16 right has been violated.

---

[1] District courts from other jurisdictions have addressed the issue in the context of litigation concerning Title VII of the Civil Rights Act of 1964 ("Title VII"). Since the same general principles apply to shifting fees in Title VII and §1988 actions, these cases are instructive. See Hensley, 461 U.S. 424, 433 n.7 (1983); see also Burks v. Int'l Bhd. of Teamsters, Local #866, No. CIV-05-0865-HE, 2006 WL 2578851, at *1 (W.D. Okla. Sept. 5, 2006) ("Title VII makes no provision for the recovery of a third-party's attorney's fees and costs."); Bonner v. Alderson, No. CV02-248-S-LMB, 2005 WL 2333829, at *3 (D. Idaho Sept. 22, 2005) ("[A] Title VII defendant's indemnity claim against a non-Title VII defendant is a completely different type of claim unauthorized by Title VII or other federal statute."); Howard v. Ward County, 418 F. Supp. 494, 507 (D.N.D. 1976) ("A third-party action is a proceeding distinct from the main action, in the nature of indemnity or contribution. It is used by a defendant to bring another party into the lawsuit who is or may be liable to him for all or part of the plaintiff's claim against him. . . . Consequently, I do not think a third-party complaint in a Title VII suit is an action or proceeding under [Title VII] calling for the award of attorney's fees to the prevailing party.").

Furthermore, Plaza's success on a non-fee supporting claim is insufficient because there is no accompanying fee-supporting claim against Plaza. In cases adequate to support a §1988 award, two kinds of claims are alleged: a substantial, fee-supporting claim and a dispositive, non-fee-supporting claim arising out of the same facts. See generally Gerling, 400 F.3d at 808; Maher, 448 U.S. at 132 n.15. Thus, the possibility of prevailing on a civil rights claim in such cases is a foregone conclusion, even though courts may resolve the case on non-fee-supporting grounds. Unlike the scenario described in these cases, Plaza has not and cannot possibly prevail on a claim within the reach of §1988, because the third party complaint raises only the issues of indemnity and contribution. In other words, there is no "unaddressed, fee-supporting claim" between LVMPD and Plaza. Gerling, 400 F.3d at 808. Applying §1988 to a non-fee-supporting claim is not justified when a fee-supporting claim is absent. See generally id. at 808.

In accordance with the above analysis, Plaza, as a third party defendant, is not a prevailing party within the meaning of §1988 and is not entitled to its attorney's fees. For this reason, the Court does not consider whether the third party complaint was unreasonable, frivolous, meritless, or vexatious.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Third Party Defendant's Motion for Attorney's Fees (#40) is **DENIED**.

DATED this 13th day of June 2013.

_____
Kent J. Dawson
United States District Judge