UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DE GROFF, | |
| Plaintiff, | Case No. 2:11-CV-2007-KJD-CWH |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the Court are Defendants' Motions for Judgment on the Pleadings (#37) and Involuntary Dismissal (#38). Plaintiff filed a document styled "Joint Status Report" (#44) which the Court will construe as a response given the diminished pleading standards for *pro se* parties. Defendants replied (##46, 47).

I. Analysis

Plaintiff is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). The Court accordingly construes Plaintiff's filings liberally, holding Plaintiff to less stringent standards of pleading.

1   Plaintiff's claim is dismissed for three reasons. First, Plaintiff's sole claim is in error. Second,
2   Plaintiff failed to oppose Defendants' Motions for Judgment on the Pleadings (#37) and Involuntary
3   Dismissal (#38). Third, Plaintiff has violated the local rule requiring Plaintiff to maintain an accurate
4   address with the Court.

### A. Plaintiff's Claim is in Error

6   Plaintiff alleges a violation of his Eighth Amendment rights under 42 U.S.C. § 1983.
7   However, "the State does not acquire the power to punish with which the Eighth Amendment is
8   concerned until after it has secured a formal adjudication of guilt in accordance with due process of
9   law." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983) citing Ingraham v.
10  Wright, 430 U.S. 651, 671 n.4 (1977). Accordingly, until there has been a "formal adjudication of
11  guilt...the Eighth Amendment has no application." City of Revere, 463 U.S. at 244.
12  Here, Plaintiff's claims arise from being handcuffed while at the Plaza Hotel. As no formal
13  adjudication of guilt occurred, such as a trial, the relevant constitutional provision is the Due Process
14  Clause of the Fourteenth Amendment. See Id. While the Court construes Plaintiff's pleadings
15  liberally, it cannot and will not wholesale re-write them, in effect assuming the role of Plaintiff's
16  legal counsel.

### B. Plaintiff Failed to Oppose Defendants' Dispositive Motions

18  Under the Local Rules of Civil Practice 7-2, Plaintiff was required to respond within fourteen
19  days after service of the relevant Motions. LR 7-2(b). Further, "failure of an opposing party to file
20  points and authorities in response to any motion shall constitute a consent to the granting of the
21  motion." LR 7-2(d). Here, Plaintiff failed to oppose the Motions at all. However, even if the Court
22  construes Plaintiff's "Joint Status Report" (#44) as a response, no substantive opposition is made.

### C. Plaintiff Failed to Maintain An Accurate Address with the Court

24  Under the Local Rules of Special Proceedings and Appeals, Plaintiff is required to "file with
25  the Court written notification of any change of address. . .. Failure to comply with the Rule may
26  result in dismissal of the action with prejudice." LSR 2-2. The Court's most recent communication

with Plaintiff has been returned as undeliverable and labled "ATTEMPED - NOT KNOWN" (#50). Further, Plaintiff has repeatedly violated this rule (#42).

II. Conclusion

Accordingly, Plaintiff's claim is **HEREBY DISMISSED** without prejudice. The Court recognizes that dismissal with prejudice is fully within the discretion of the Court. However, the Court declines to do so.

DATED this 9th day of September 2013.

_____
Kent J. Dawson
United States District Judge